UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS M. BUCKOVETZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE DEPARTMENT OF THE NAVY,<br><br>Defendant. | Case No.: 21-cv-640-WQH-KSC<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion for Summary Judgment filed by Defendant Department of the Navy (ECF No. 30) and Motion for Discovery filed by Plaintiff Dennis M. Buckovetz (ECF No. 31).

**I.   PROCEDURAL BACKGROUND**

On April 13, 2021, Plaintiff initiated this action by filing a Complaint. (ECF No. 1). The Complaint alleges that Plaintiff requested that Defendant produce emails concerning an unlawful scheme by officers at the Marine Corps Recruit Depot in San Diego ("MCRD") to sell Marine Corps memorabilia, including commemorative coins, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. (*See id.* ¶ 14). The Complaint alleges that Defendant violated FOIA by "deliberately conceal[ing] or destroy[ing]" responsive emails "upon receipt of [the] FOIA request and before production." (*Id.* ¶ 2).

The Complaint requests the following relief: (1) a declaration that Defendant violated FOIA; (2) an order requiring Defendant to produce responsive records; (3) an injunction against Defendant's continued withholding of any responsive records; (4) written findings concerning whether agency personnel acted arbitrarily or capriciously; (5) an award of Plaintiff's attorneys' fees and litigation costs; and (6) other such relief as the Court deems just and proper, including sanctions.

On May 9, 2022, Defendant filed the Motion for Summary Judgment. (ECF No. 30). On May 31, 2022, Plaintiff filed the Motion for Discovery. (ECF No. 31). On June 14, 2022, Defendant filed a Response in opposition to the Motion for Discovery. (ECF No. 32). On June 21, 2022, Plaintiff filed a Reply. (ECF No. 33).

## II. FACTS

On December 18, 2014, Plaintiff "was carbon-copied on an email chain between Major General James W. Bierman and others" regarding the sale of commemorative coins that "caused [Plaintiff] concern because [Plaintiff] understood that the sales … diverted revenue from Marine Corps Community Services ('MCCS')." (ECF No. 31-2 ¶¶ 2-3). On January 23, 2015, Plaintiff submitted FOIA Request DON-USMC-2015-002772 to MCRD, requesting:

> all email messages dated on or after 1 May 2014 that have any of the following email addresses Mart.Tull@usmc.mil, Jim.Gruny@usmc.mil, Michael.Lee@usmc.mil, James.Bierman@usmc.mil, Thomas.W.Spencer@sumc-mccs.org, and John.Ming@usmc.mil on the "From:", "To:", "Cc:", or "Bcc:" lines AND contain the words "coin" or "coins" on the subject line or within the body of the message.

(Ex. 1 to Camacho Decl., ECF No. 30-1 at 10). MCRD referred a portion of the FOIA request "pertaining to emails from [MCCS]" to Marine Corps Headquarters for processing because MCCS "emails are not maintained by MCRD." (ECF No. 30-1 ¶ 4).

Michael Lee, MCRD's Chief of Staff and FOIA Initial Denial Authority, "instructed Cinthia Camacho, the FOIA Specialist for MCRD, to make sure [Plaintiff] received everything [Plaintiff] was requesting." (ECF No. 30-2 ¶ 5). On February 4, 2015, Captain

Lisa Woo, the Deputy Staff Judge Advocate for MCRD, sent an email to the MCRD Information Technology ("IT") department instructing the department to provide Camacho with the requested emails and "recommend[ing] that individuals who are named in the FOIA request [ ] not be involved in processing the FOIA request." (Ex. 3 to Camacho Decl., ECF No. 30-1 at 15). Camacho "worked with the Staff Judge Advocate and the IT department to search for responsive emails" in the MCRD email accounts of the individuals named in the FOIA request. (ECF No. 30-1 ¶ 5). On February 20, 2015, Lee sent a letter to Plaintiff "acknowledging the receipt" of the FOIA request and notifying Plaintiff that a portion of the request had been referred to Marine Corps Headquarters. (ECF No. 30-2 ¶ 4).

Camacho "received the responsive emails directly from the IT department" and "personally applied redactions based on FOIA's exemptions." (ECF No. 30-1 ¶ 6). Camacho "did not remove or delete any emails from the production." (*Id.*). Lee "reviewed the production and relied upon the work of [Camacho and Woo] in determining the appropriateness of the proposed redactions." (ECF No. 30-2 ¶ 6). Lee "did not remove any emails" or "at any point in time, intentionally delete any emails … for the purpose of keeping those emails from being produced." (*Id.* ¶¶ 5-6). On March 5, 2015, Lee sent Plaintiff a letter responding to the FOIA request and providing 384 responsive emails. The production "did not contain" the email chain on which Plaintiff had been copied on December 18, 2014. (ECF No. 31-2 ¶ 5).

Following the March 5, 2015 production, Plaintiff "raised concerns about whether all emails were searched and [ ] questioned the use of Exemption (b)(7)." (ECF No. 30-1 ¶ 8). In response to these concerns, an MCRD IT employee conducted a further search of emails saved as .pst files and Camacho "corrected MCRD's use of the FOIA Exemption (b)(7)." (*Id.* ¶ 9). Lee "was not involved in the processing and production of materials from this additional search." (ECF No. 30-2 ¶ 7). On May 22, 2015, MCRD sent Plaintiff a second response to his FOIA request that did not contain the December 18, 2014, email chain on which Plaintiff had been copied.

On November 23, 2015, Marine Corps Headquarters responded to the portion of Plaintiff's FOIA request that had been referred from MCRD. Marine Corps Headquarters produced responsive emails, including the email chain on which Plaintiff had been copied on December 18, 2014. The five emails in the email chain included multiple MCRD email addresses named in Plaintiff's FOIA request.

On September 3, 2018, Plaintiff "submitted another FOIA request that used the same language as Request DON-USMC-2015-002772." (ECF No. 30-1 ¶ 11). "MCRD administratively closed [Plaintiff's] 2018 FOIA request as a duplicate of the 2015 request." (*Id.* ¶ 13). "The Marine Corps and MCRD have received several other FOIA requests that either duplicate or overlap with [Plaintiff's] 2015 and 2018 FOIA requests." (*Id.* ¶ 16). In response to an October 19, 2018, FOIA request from an individual with the same mailing address as Plaintiff, "MCRD identified 106 pages of records in formats not previously produced to [Plaintiff]." (*Id.* ¶ 17). On June 14, 2019, MCRD produced the 106 pages of records to Plaintiff. Plaintiff submitted additional FOIA requests on September 25, 2019, November 4, 2019, and November 11, 2019, that were closed as duplicative.

During the course of litigation, Camacho "learned that [Plaintiff] believed he received five email messages as part of Marine Corps Headquarters production that should have been, but were not, included in MCRD's production." (ECF No. 30-1 ¶ 18). Camacho "spent many hours reviewing [MCRD's] search efforts, reviewing [MCRD's] productions, and conferring with IT staff at headquarters about why this would have occurred." (*Id.*). IT staff performed additional "targeted searches focused solely on the days the 'missing' emails were sent." (*Id.*). "IT staff at headquarters identified several reasons the emails might have been missing from MCRD's search results, but [ ] were unable to definitively determine what the cause was in this instance" and found no additional responsive documents. (*Id.*).

### III.  CONTENTIONS

Defendant contends that summary judgment is appropriate because "Defendant conducted thorough searches in response to [Plaintiff's] 2015 and 2018 FOIA requests …

reasonably calculated to uncover all relevant records." (ECF No. 30 at 9). Defendant contends that Plaintiff actually received the five emails in the December 18, 2014, email chain that were missing from the MCRD production through the referral of Plaintiff's FOIA request to Marine Corps Headquarters. Defendant contends that the existence of any further responsive emails that have not been produced is "speculation," not supported by evidence in the record. (ECF No. 32 at 7). Defendant contends that the allegations that responsive records were concealed or destroyed and MCRD's "inability to locate a responsive record" do not preclude summary judgment. (ECF No. 30 at 11).

Plaintiff contends that "[d]iscovery is needed to understand the full extent of [ ] Lee's involvement in MCRD's response" to the FOIA request. (ECF No. 31 at 8). Plaintiff contends that "there remain questions of material fact as to whether or not someone at MCRD deleted emails … thereby rendering Camacho's search 'ineffective.'" (*Id.* at 9). Plaintiff contends that the declarations submitted in support of the Motion for Summary Judgment are "vague" in their discussion of the missing emails and justify discovery. (*Id.* at 8-9).

## IV.   DISCUSSION

FOIA cases are usually decided at the summary judgment stage. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008). To prevail on summary judgment in a FOIA case, "[t]he agency must: 'demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents.'" *Zemansky v. U.S. E.P.A.*, 767 F.2d 569, 571 (9th Cir. 1985) (quoting *Weisberg v. U.S. Dep't of Just.*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). To sustain its burden of "demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith." *Id.* (quoting *Weisberg*, 745 F.2d at 1485).

"While ordinarily the discovery process grants each party access to evidence, in FOIA … cases discovery is limited because the underlying case revolves around the propriety of revealing certain documents." *Lane*, 523 F.3d at 1134. Accordingly, the general rule in FOIA cases is that discovery is unavailable—when the agency's affidavits

are adequate, a district court may forgo discovery and grant summary judgment on the basis of the agency affidavits alone. *See id.; see also Carney v. U.S. Dep't of Just.*, 19 F.3d 807, 812 (2d Cir. 1994). However, courts may permit discovery if an agency does not adequately explain its search process or if there is evidence that an agency submitted a declaration in bad faith. *See Withey v. Fed. Bureau of Investigations*, No. C18-1635-JCC, 2020 WL 885974, at *2 (W.D. Wash. Feb. 24, 2020); *Lion Raisins, Inc. v. U.S. Dep't of Agric.*, No. 1:08-CV-00358-OWW-SMS, 2009 WL 160283, at *2 (E.D. Cal. Jan. 21, 2009); *Van Strum v. U.S. E.P.A.*, 680 F. Supp. 349, 352 (D. Or. 1987).

Plaintiff asserts that Lee's participation in responding to the 2015 FOIA request, despite Lee being named in the request itself, demonstrates bad faith and justifies discovery. Camacho states that Captain Lisa Woo, the Deputy Staff Judge Advocate for MCRD, recommended "that individuals who are named in the FOIA request [ ] not be involved in processing the FOIA request." (Ex. 3 to Camacho Decl., ECF No. 30-1 at 15). Lee states that he "reviewed the production" in response to the 2015 FOIA request, and "relied upon the work of [Camacho and Woo] in determining the appropriateness of the proposed redactions," in his role as the FOIA Initial Denial Authority. (ECF No. 30-2 ¶¶ 3, 6). Lee states that he "did not remove any emails" or "at any point in time, intentionally delete any emails … for the purpose of keeping those emails from being produced." (*Id.* ¶¶ 5-6). Lee's participation in responding to the 2015 FOIA request does not overcome a presumption of good faith or require further inquiry because the declarations establish that Lee did not take an active role in the search for records. Further, Lee "was not involved in the processing and production of materials" from additional searches conducted in response to Plaintiff's concerns. (ECF No. 30-2 ¶ 7). Lee's limited participation in the initial response to the 2015 FOIA request does not require discovery or preclude summary judgment.

Plaintiff asserts in the alternative that the declarations of Camacho and Lee are too "vague" in their discussion of the emails that were missing from the MCRD production to justify a grant of summary judgment. (ECF No. 31 at 8). Camacho states that she worked

with the MCRD IT department to search for emails containing the terms and email addresses specified in the 2015 FOIA request. Camacho states that she reviewed the responsive records, "personally applied redactions," and "did not remove or delete any emails from the production." (ECF No. 30-1 ¶ 6). MCRD provided Plaintiff with 384 responsive emails. Camacho states that after Plaintiff "raised concerns about whether all emails were searched," the MCRD IT department conducted a further search of emails saved as .pst files. (ECF No. 30-1 ¶ 8). Camacho states that additional records were later produced to Plaintiff that were discovered in response to subsequent FOIA requests.

Camacho states that a portion of the FOIA request "pertaining to emails from [MCCS]" accounts was further referred to Marine Corps Headquarters for processing because MCCS "emails are not maintained by MCRD." (ECF No. 30-1 ¶ 4). Marine Corps Headquarters produced an additional email chain containing five emails that included multiple MCRD email addresses named in Plaintiff's FOIA request. Camacho states that in response to Plaintiff's assertion that the emails produced by Marine Corps Headquarters should have also been included in the MCRD production, Camacho "spent many hours reviewing [MCRD's] search efforts, reviewing [MCRD's] productions, and conferring with IT staff at headquarters about why" the five emails were missing from MCRD's production. (*Id.* ¶ 18). Camacho states that IT staff performed additional "targeted searches focused solely on the days the 'missing' emails were sent." (*Id.*). Camacho states that "IT staff at headquarters identified several reasons the emails might have been missing from MCRD's search results, but [ ] were unable to definitively determine what the cause was in this instance" and found no additional responsive documents. (*Id.*). Camacho and Lee each state that they did not personally remove or delete any responsive emails.

The affidavits describing an agency's search must be "relatively detailed in their description of the files searched and the search procedures." *Zemansky*, 767 F.2d at 573; *see also Lion Raisons, Inc. v. U.S. Dep't of Agric.*, 636 F. Supp. 2d 1081, 1104 (E.D. Cal. 2009) ("In a FOIA case, sufficient declarations describe 'what records were searched, by whom, and through what process.'") (quoting *Lawyers' Comm. for Civ. Rts. v. U.S. Dep't*

*of the Treasury*, 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008)). A search is not rendered inadequate based on "the failure to produce or identify a few isolated documents," *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 988 (9th Cir. 2009), and "the production of all nonexempt material, 'however belatedly,' moots FOIA claims," *Papa v. U.S.*, 281 F.3d 1004, 1013 (9th Cir. 2002) (quoting *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982)). However, an agency's "search" for records it previously concealed or destroyed in response to a FOIA request is not "reasonably calculated to uncover all relevant documents." *See DiBacco v. U.S. Army*, 795 F.3d 178, 192 (D.C. Cir. 2015) ("The general rule is that an agency may not avoid a FOIA request by intentionally ridding itself of a requested document"); *Chambers v. U.S. Dep't of Interior*, 568 F.3d 998, 1003-04 (D.C. Cir. 2009) ("a reasonable jury could find that Interior intentionally destroyed the document—rendering the subsequent search ineffective—and there is therefore a genuine issue of material fact whether the search was adequate"); *cf. Kissinger v. Rep. Comm. for Freedom of the Press*, 445 U.S. 136, 155 n.9 (1980) ("There is no question that a 'withholding' must here be gauged by the time at which the request is made since there is no FOIA obligation to retain records prior to that request."); *Lahr*, 569 F.3d at 988 n.24 ("The government, of course, must produce responsive documents *actually uncovered*.").

Allegations that records existed and were destroyed in response to a FOIA request must be supported by evidence in order to preclude summary judgment in favor of the agency. *See Smart-Tek Servs., Inc. v. U.S. Internal Revenue Serv.*, 829 F. App'x 224, 225 (9th Cir. 2020) ("Agency affidavits … cannot be rebutted by purely speculative claims about the existence and discoverability of other documents.") (quoting *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)). Plaintiff asserts that the searches described by Camacho are "inadequate" because Defendant "deliberately concealed or destroyed" responsive emails "upon receipt of a FOIA request and before production." (ECF No. 1 ¶ 2). Plaintiff relies upon Camacho's failure to find the five allegedly inculpatory emails produced by Marine Corps Headquarters but not by MCRD to demonstrate that other, unknown emails existed and were concealed or destroyed. The

Camacho declaration states that "IT staff at headquarters identified several reasons the emails might have been missing from MCRD's search results," (ECF No. 30-1 ¶ 18), but does not identify any reason the emails might have been missing. The Court concludes that the Camacho and Lee declarations are not sufficiently detailed to carry Defendant's burden of demonstrating an adequate search because the declarations do not identify any reason for the five known missing emails.

Plaintiff requests that the Court permit discovery to address any insufficiencies in the declarations submitted by Defendant. However, the Court concludes that requiring Defendant to submit a more detailed affidavit is sufficient to gather additional relevant information at this time. *See, e.g., Lions Raisins*, 636 F. Supp. 2d at 1107 ("When, as here, the adequacy of the search remains in doubt on summary judgment, courts have … required the government agency to supply supplemental declarations, to gather additional relevant information."); *Oglesby v. U.S. Dep't of Army*, 79 F.3d 1172, 1185 (D.C. Cir. 1996) ("Although Oglesby argues that discovery is needed to answer his questions regarding the adequacy of Army's search, a relatively detailed affidavit addressing the issue could suffice."); *Wolf v. C.I.A.*, 569 F. Supp. 2d 1, 10 (D.D.C. 2008) ("Where an agency's declarations are deficient, courts generally will request that an agency supplement its supporting declarations rather than order discovery.") (quotation omitted).

V.   **CONCLUSION**

IT IS HEREBY ORDERED that Defendant Department of the Navy shall supply the Court with one or more supplemental declarations no later than thirty (30) days from the date of this Order. Defendant may file a supplemental brief not to exceed ten pages in conjunction with the filing of the supplemental declaration(s).

///
///
///
///

1  IT IS FURTHER ORDERED that Plaintiff Dennis M. Buckovetz's Motion for
2 Discovery (ECF No. 31) is denied without prejudice. Plaintiff may file a brief not to exceed
3 ten pages in response to the supplemental declaration(s) submitted by Defendant no later
4 than forty-five (45) days from the date of this Order.

Dated: September 29, 2022

*[signature]*
Hon. William Q. Hayes
United States District Court